1
2
3
4
5
6
7
8              # United States District Court
9              # Central District of California
10

| | |
|---|---|
| 11  EQUITY TRUST Co., | Case No. 5:15-cv-02642-ODW-KK |
| 12           Plaintiff, | |
| 13      v. | **ORDER TO SHOW CAUSE RE:** |
| 14  BARR ANHUT AND ASSOCIATES PC, | **COMPLIANCE WITH LOCAL** |
| 15  et al., | **RULES** |
| 16           Defendants. | |

17
18
19
20
21
22
23
24
25
26
27
28

On December 29, 2015, Plaintiff Equity Trust filed its Complaint against Defendants Barr Anhut and Associates PC and others alleging claims for slander of title, defamation, abuse of process, intrusion upon seclusion, conspiracy, unlawful conversion, extortion, tortious interference, perjury, fraud, RICO violations, myriad breach of contract claims, intentional infliction of emotional distress, and loss of enjoyment of life. (ECF No. 1, Compl.)

However, Plaintiff Equity Trust filed this lawsuit without the assistance of counsel. Plaintiff is a corporation, and therefore may not appear in federal court pro se. *See* C.D. Cal. R. 83–2.2.2 ("Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, ... ) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83–2. 1."). *See also Rowland v. Cal.Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Here, the Complaint is signed by Gary Hann, the "Custodian FBO" of Equity Trust, as Petitioner in Pro Se. (Compl.)

An individual representative may not make "an end run around section 1654" by seeking to represent a corporation pro se. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming entry of default judgment against dissolved corporation where president and shareholder attempted to represent corporation). "Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney." *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir.1976); *see also Ramirez v. United States*, No. SACV 14-581-JLS ANX, 2014 WL 5139339, at *2 (C.D. Cal. Sept. 23, 2014) *aff'd*, 604 F. App'x 575 (9th Cir. 2015).

Because Equity Trust is not represented by counsel, Local Rule 83-2.2.4 applies and Plaintiff's "[f]ailure to comply with the rules … may be grounds for dismissal or judgment by default."

The Court elects to refrain from dismissal at this stage, and instead **ORDERS** Plaintiff to show cause in writing **by February 29, 2016** why this case should not be dismissed. The filing of an attorney appearance or brief not longer than ten pages arguing for the appropriateness of the pro se appearance in light of Local Rule 83-2.2.2 will discharge this order. No hearing will be held.

**IT IS SO ORDERED.**

January 5, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**